Sears v City of New York (2018 NY Slip Op 02430)





Sears v City of New York


2018 NY Slip Op 02430


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6243 117802/09

[*1]Sherita Sears, etc., Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Wigdor LLP, New York (David E. Gottlieb of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered February 16, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's General Municipal Law (GML) § 205-a claim as predicated on violation of Labor Law § 27-a, unanimously affirmed, without costs.
Decedent Jamel Sears, a probationary firefighter, passed away due to dehydration while performing the Fire Academy's physically demanding Functional Skills Training (FST) exercise course, which was designed to simulate actual firefighting tasks under a controlled environment.
Plaintiff is not entitled to recover under GML § 205-a, as the injuries decedent sustained were not the type of occupational injury that Labor Law § 27-a was designed to protect, but rather, arose from risks unique to firefighting work (Williams v City of New York, 2 NY3d 352, 368 [2004]). While the performance of the FST course was part of training, and not part of firefighting per se, the ability to perform it efficiently was a necessary and important part of the job, as it ensures that a firefighter could effectively perform the tasks during an actual fire. The risks of dehydration and other physiological conditions experienced during FST training are the same as those inherent in actual firefighting. Given the special dangers firefighters face, and their responsibility to protect the public, judgments as to how they should be trained are better left for the FDNY supervisors and not second-guessed by the Department of Labor.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK